IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERYL HOWARD,<br>     Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:11-CV-003-Y |
| JOE KEFFER, WARDEN,<br>FMC-CARSWELL,<br>     Respondent. | § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Cheryl Howard, Reg. No. 18389-018, is a federal prisoner incarcerated in FMC-Carswell in Fort Worth, Texas.

Respondent Joe Keffer is Warden of FMC-Carswell.

#### C. PROCEDURAL HISTORY

In 1994 petitioner was charged in a three-count indictment with conspiracy to possess with the intent to distribute cocaine base (Count 1) and possession with the intent to distribute cocaine

base (Counts 2 and 3), in violation of 21 U.S.C. §§ 846 and 841(a)(1), in the United States District Court for the Middle District of Florida Division, Tampa Division. *See United States v. Howard*, U.S. Pacer, Criminal Docket for Case No. 8:94-CR-212-EAK-1, docket entry nos. 39, 50. On January 10, 1995, a jury found petitioner guilty on all counts. *Id.*, docket entry no. 39. Thereafter, on April 21, 1995, the district court sentenced petitioner to a mandatory term of life imprisonment as to Count 1 due to the total aggregate amount of cocaine base which petitioner conspired to possess and distribute, and to a term of life imprisonment as to Counts 2 and 3 due to petitioner's status as a career offender. (Pet. at 3; Resp't Resp. at 1 & App. at 9-10) 21 U.S.C. § 841(b)(1)(A). The sentences are running concurrently.

Petitioner appealed her convictions and sentences and sought postconviction relief in the convicting court *via* a motion to reduce her sentences and a § 2255 motion, to no avail. (Resp't App. at 1-12) *Id.* docket entry nos. 73, 75, 77, 88, 98, 108, 110-11. Petitioner filed this federal petition under § 2241 in this division, where she is currently incarcerated. The government has filed a response seeking dismissal of the petition for lack of jurisdiction. (Resp't Resp. at 5-11)

D. DISCUSSION

Petitioner challenges her sentences on four grounds:

(1) She is actually innocent of the mandatory life sentence because she made only two separate drug transactions, each involving an amount less than 50 grams of cocaine base;

(2) The convicting court's failure to correct the illegal sentence amounts to a fundamental miscarriage of justice;

(3) The Double Jeopardy Clause was violated by the use of her prior convictions to sentence her as a career offender; and

(4) The Sentencing Guidelines in effect at the time of resentencing governs the sentence to be imposed.

(Pet. at 5-6)

Typically, § 2241 is used to challenge the manner in which a sentence is executed. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255 is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet her burden, petitioner must show that (1) her claims are based on a retroactively applicable Supreme Court decision, (2) her claims were foreclosed by circuit law at the time when the claim should have been raised in her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that she may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The inability to meet these requirements does not render § 2255 inadequate or ineffective. *Henderson v. Haro*, 282 F.3d 862, 863 (5th Cir. 2002). Moreover, § 2255 is not inadequate merely because a prisoner is unable to meet the requirements for bringing a § 2255 motion. *Tolliver*, 211 F.3d at 877 (petitioner attempting to circumvent the restriction on filing successive § 2255 motions).

Petitioner claims a § 2255 motion has not been filed regarding the claims raised herein because the § 2255 statute of limitations would bar such issues at this time. (Pet. at 8) However, the fact that petitioner is barred under the statute of limitations from bringing a motion under § 2255 does not render the § 2255 remedy inadequate. Petitioner cannot rely on § 2241 to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing

second or successive motions to vacate. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack v. Yusuff*, 218 F.3d 448, 453 (5ᵗʰ Cir. 2000) (citing *Toliver*, 211 F.3d at 878 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Moreover, petitioner's argument of "actual innocence" relates to the propriety of her life sentences, and, as such, is not the type of argument that warrants § 2241 review, as she is not asserting her innocence of the crimes of conviction. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5ᵗʰ Cir. 2000). Finally, petitioner has not established that she was foreclosed from raising her claims at trial, on appeal, or in her first § 2255 motion.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that the petition for writ of habeas corpus under § 2241 be dismissed for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 15, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 15, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August __25__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE